IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EUGENE HAYDEN, SR.,**<br><br>Plaintiff,<br><br>v.<br><br>**M.E. SEARMAN, Warden,**<br><br>Defendant. | Case No. 1:14-cv-00514 MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO FOLLOW COURT ORDER**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER** |

On April 11, 2014, Petitioner filed a petition for writ of habeas corpus. Petitioner did not sign the petition. On April 25, 2014, the Court ordered Petitioner to submit a signed declaration stating that he submitted the petition. (ECF No. 5.) Petitioner was provided twenty (20) days to respond to the order and was forewarned that failure to respond would result in the dismissal of the petition. (Id.) Over twenty days have passed and Petitioner has not filed a response to the order.

I. **DISCUSSION**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v.

1 Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with
2 prejudice, based on a party's failure to prosecute an action, failure to obey a court order,
3 or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th
4 Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d
5 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring
6 amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
7 (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court
8 apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)
9 (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421,
10 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local
11 rules). In determining whether to dismiss an action for lack of prosecution, failure to obey
12 a court order, or failure to comply with local rules, the court must consider several
13 factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need
14 to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
15 favoring disposition of cases on their merits; and (5) the availability of less drastic
16 alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61; Malone, 833 F.2d at
17 130; Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24.

18   In the instant case, the Court finds that the public's interest in expeditiously
19 resolving this litigation and the Court's interest in managing the docket weigh in favor of
20 dismissal because it does not appear that Plaintiff has made a good faith effort to
21 prosecute this matter. The third factor, risk of prejudice to defendants, also weighs in
22 favor of dismissal because a presumption of injury arises from any unreasonable delay
23 in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The
24 fourth factor, public policy favoring disposition of cases on their merits, is greatly
25 outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that
26 his failure to obey the court's order will result in dismissal satisfies the "consideration of
27 alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33;
28 Henderson, 779 F.2d at 1424. Here, the Court's order was clear that dismissal would

result from non-compliance with the order. (See ECF No. 5 ["Petitioner is forewarned that failure to comply with a Court order will result in dismissal of the petition pursuant to Local Rule 110."])

## II. RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for Plaintiff's failure to comply with a court order. Further, the Court ORDERS the Clerk of Court to assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of Title 28 of the United States Code section 636 (b)(1)(B). Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to Title 28 of the United States Code section 636(b)(1)(C). Finally, Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: May 30, 2014    /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE