IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EUGENE HAYDEN, SR.,** | 1:14-cv-00514 MJS HC |
| Petitioner, | **ORDER DISMISSING PETITION DUE TO PETITIONER'S FAILURE TO FOLLOW A COURT ORDER** |
| v. | |
| | **[Doc. 21]** |
| **M.E. SEARMAN, Warden,** | |
| Respondent. | |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 18-19.)

On February 26, 2016, the Court served an order of case reassignment on Petitioner. (ECF No. 20.) On March 9, 2016, the order served on Petitioner was returned by the U.S. Postal Service as undeliverable. Petitioner was ordered to show cause why the petition should not be dismissed without prejudice for Petitioner's failure to inform the Court of his current address. (ECF No. 21.) Petitioner was ordered to inform the Court and any opposing counsel of his current address within thirty (30) days after service of the order. Over thirty (30) days have passed, and Petitioner has not responded to the order to show cause.

1

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423-24 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988).  The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal as this case has been pending since April 11, 2014. The Court cannot hold this case in abeyance indefinitely based on Petitioner's failure to respond to an order of the court. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is outweighed by the factors in favor of dismissal discussed herein.  Finally, given Petitioner's failure to communicate with the Court despite an order requiring him to do so, no lesser sanction is feasible.

Petitioner has failed to prosecute the present matter by failing to follow a court order. Therefore, the petition must be dismissed.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is DISMISSED without prejudice.

IT IS SO ORDERED.

Dated:  June 8, 2016                    /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE